## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMI MITCHELL,** | **CIVIL ACTION** |
| *Plaintiff* | |
| **VERSUS** | **NO. 24-184** |
| **CERTAIN UNDERWRITERS AT** | **SECTION: "E"(5)** |
| **LLOYDS, LONDON SUBSCRIBING TO** | |
| **POLICY NO. BOD701970R1,** | |
| *Defendant* | |

## ORDER AND REASONS

Before the Court is a Motion to Remand[1] filed by Plaintiff, Jami Mitchell. The motion is opposed by Defendant Certain Underwriters at Lloyd's, London Subscribing to Policy No. BOD701970R1, now identified as Lloyd's Syndicate 1886.[2] Plaintiff filed responses in support of her motion.[3] For the reasons that follow, the motion is **DENIED.**

## BACKGROUND

This is an insurance dispute in the wake of Hurricane Ida, which struck the Louisiana coast on August 29, 2021.[4] Plaintiff is an Orleans Parish resident who owns four residential and rental properties in New Orleans.[5] Defendant provided property insurance for all four properties under one insurance contract, bearing policy number BOD701970R1, which was in effect at the time of the hurricane.[6]

Plaintiff's properties were damaged by the storm,[7] and he alleges he timely reported the damage to Defendant and "took reasonable steps to mitigate the damage

---

[1] R. Doc. 5.
[2] R. Doc. 6.
[3] R. Docs. 8 and 11.
[4] R. Doc. 1-1 at p. 2.
[5] *Id.* at pp. 1–2.
[6] *Id.* at p. 2.
[7] *Id.*

caused by the loss event."[8] Defendant inspected the properties, provided a loss estimate, and made payments to Plaintiff.[9] However, Plaintiff alleges the payments made "are woefully inadequate to cover the costs" of repair to the properties and that "Plaintiff's damages well exceed the amount tendered [by Defendant] to date."[10]

Plaintiff sued Defendant in state court on August 24, 2023, bringing claims for negligence, breach of contract, and bad faith.[11] Defendant removed the case to this Court on January 19, 2024,[12] invoking this Court's diversity jurisdiction.[13]

On February 17, 2024, Plaintiff filed his Motion to Remand,[14] arguing Defendant's Notice of Removal did not sufficiently plead the requirements of diversity jurisdiction.[15] Defendant filed a response in opposition on March 5, 2024,[16] and Plaintiff replied on March 8, 2024.[17] With the Court's leave,[18] Defendant filed a sur-response in opposition on March 15, 2024.[19]

## LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the U.S. Constitution or by Congress.[20] A civil action over which federal courts have original jurisdiction may be removed to federal court unless expressly prohibited by another statute.[21] The principles of comity and federalism mandate strict

---

[8] *Id.*
[9] *Id.* at pp. 2–3.
[10] *Id.* at p. 3.
[11] *See generally id.*
[12] R. Doc. 1.
[13] *See id.* at p. 3; 28 U.S.C. § 1332.
[14] R. Doc. 5.
[15] *See generally* R. Doc. 5-1.
[16] R. Doc. 6.
[17] R. Doc. 8.
[18] R. Doc. 10.
[19] R. Doc. 11.
[20] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[21] 28 U.S.C. § 1441(a).

construction of removal statutes in order to minimize encroachment on the sovereignty of state courts.[22]

A common ground for removal is diversity jurisdiction, which is designed to provide out-of-state defendants a forum to litigate free of local prejudices.[23] When removal is based on federal diversity jurisdiction, 28 U.S.C. § 1332 requires the removing party to show that (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[24] Jurisdiction is decided at the time of removal.[25] "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[26]

There is no dispute in this case that the amount-in-controversy requirement of diversity jurisdiction is met. In his motion for remand, Plaintiff challenges only whether Defendant has satisfied its burden of showing diversity of citizenship.[27] The parties agree that Plaintiff is a citizen of Louisiana.[28] In its notice of removal, Defendant alleges it is a citizen of the United Kingdom.[29] Plaintiff does not argue that Defendant has some other citizenship; instead, he argues that "there is an absence of evidence presented in Defendant's Notice of Removal" affirmatively establishing that Defendant is a citizen of the United Kingdom.[30]

---

[22] *See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

[23] *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 716 n.6 (5th Cir. 1975) ("The very purpose of federal diversity jurisdiction is to avoid bias against parties from outside the forum state.").

[24] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

[25] *Id*. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000) (recognizing that subsequent events, such as a reduction in the amount in controversy, will generally not divest jurisdiction).

[26] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[27] *See generally* R. Doc. 5-1.

[28] *See* R. Docs. 1, 1-1, 5-1, 6.

[29] R. Doc. 1.

[30] R. Doc. 5-1 at p. 6.

## I.    Insurance policies provided through Lloyd's of London are distinctly structured.

Underlying the dispute is the structure of insurance policies through Lloyd's of London. Lloyd's "is not an insurance company," but rather "a self-regulating entity which operates and controls an insurance market. The Lloyd's entity provides a market for the buying and selling of insurance risk among its members who collectively make up Lloyd's. Thus, a policyholder insures *at* Lloyd's but not *with* Lloyd's."[31] The "individuals and corporations who finance the insurance market and ultimately insure risks" are called "Names."[32] Names "are underwriters of Lloyd's insurance," and "they invest in a percentage of the policy risk in the hope of making return on their investment."[33]

Names generally "do not actively participate in the insurance market on a [daily] basis."[34] Instead, "to increase the efficiency of underwriting risks, a group of Names will, for a given operating year, form a 'Syndicate' which will in turn subscribe to policies on behalf of all Names in the Syndicate."[35] Usually, an insurance policy through Lloyd's "has multiple Syndicates which collectively are responsible for 100 percent of the coverage provided by a policy."[36] These Syndicates are "creature[s] of administrative convenience through which [Names] subscribe to a Lloyd's policy," and "all liability is [borne] by the individual Names who belong to the various Syndicates that have subscribed to a policy."[37]

---

[31] *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857–58 (5th Cir. 2003) (citations omitted) (emphasis added).
[32] *Id.*
[33] *Id.*
[34] *Id.*
[35] *Id.*
[36] *Id.*
[37] *Id.*

## II.  Defendant Lloyd's Syndicate 1886 is comprised of a single member.

Though "[t]*ypically*, hundreds of Names will subscribe to a single policy,"[38] some syndicates may be comprised of a single member.[39] This case illustrates that scenario.

In state court, Plaintiff originally sued "Certain Underwriters at Lloyd's, London Subscribing to Policy No. BOD701970R1," the policy insuring his four properties.[40] In its Notice of Removal, Defendant represented the "Certain Underwriters at Lloyd's, London Subscribing to Policy No. BOD701970R1" is "Lloyd's Syndicate 1886,"[41] and the sole member of Lloyd's Syndicate 1886 is "QBE," which is a citizen of the United Kingdom.[42]

In his memorandum supporting remand, Plaintiff argues Defendant has not met its burden of establishing jurisdiction because it failed to establish *all* Names which are members of Lloyd's Syndicate 1886 are diverse.[43] Further, Plaintiff argued "there is an absence of evidence" in the Notice of Removal linking QBE and its related entities to the policy at issue, which covers Plaintiff's properties.[44] Plaintiff also noted that "underwriters subscribing to Lloyd's policies typically number in the thousands."[45]

Defendant's evidence presented in opposition to remand sufficiently establishes Lloyd's Syndicate 1886 is the sole subscribing underwriter to Policy No. BOD701970R1 and it is completely diverse from Plaintiff. Defendant provided a sworn affidavit by Claire Rutter,[46] who is the claims adjuster for Plaintiff's claims and employed by QBE

---

[38] *Id.* (emphasis added).
[39] *Id.* at 859.
[40] *See* R. Doc. 1-1.
[41] R. Doc. 1 at p. 1.
[42] *Id.* at pp. 1–2.
[43] R. Doc. 5-1 at pp. 5–6.
[44] *Id.*
[45] *Id.*
[46] The parties may submit affidavits in connection with motions to remand. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

Management Services UK Limited, which services its "ultimate parent company," QBE Insurance Group Limited.[47]

Rutter swears that Defendant, Lloyd's Syndicate 1886, "is the sole [u]nderwriter subscribing to [Plaintiff's] policy, identified as 'Certificate No. BOD701970R1.'"[48] Lloyd's Syndicate 1886 is "100% corporate owned, meaning there are no 'individual names' as members." The corporate owner of Lloyd's Syndicate 1886 is "QBE Corporate Limited," which is registered in England and Wales, with its registered office in London, England.[49]

In reply, Plaintiff does not dispute that what Rutter describes would establish Defendant's citizenship in the United Kingdom. Rather, Plaintiff challenges the "competency" of Rutter's affidavit and argues that as a claims handler for an associated QBE company, Rutter is not a reliable source of information about Defendant's citizenship.[50] The Court finds that Rutter is a competent witness with first-hand knowledge of the facts related. The affidavit sufficiently describes her employment, her experience, her relationship to Defendant, and the source of her knowledge. She swears under penalty of perjury that the information is true and correct to the best of her knowledge and belief.[51]

Underlying Plaintiffs arguments for remand is the assumption that "there simply has to be [multiple] 'names' comprising [Lloyd's] Syndicate 1886."[52] As Defendant contends, this argument is "baseless." All evidence provided by Defendant, including and

---

[47] R. Doc. 6-1.
[48] *Id.* at pp. 1–2.
[49] *Id.* at pp. 2–3, 11–12. In its Notice of Removal, Defendant declares "QBE is the sole member of Lloyd's Syndicate 1886." (R. Doc. 1 at p. 3.) Rutter's affidavit clarifies this sole member is QBE Corporate Limited.
[50] *See generally* R. Doc. 8. Plaintiff also faults Defendant for not providing a certified copy of the policy, which Plaintiff believes would contain the names of all underwriters on the policy. (*Id.* at pp. 1–2.) Defendant provided a copy of the policy with its sur-response in opposition, and the policy does not show multiple underwriters. (*See generally* R. Doc. 11-1.)
[51] R. Doc. 6-1.
[52] R. Doc. 11 at p. 2.

6

especially Rutter's affidavit, establishes that the sole underwriter of Plaintiff's policy, Defendant Lloyd's Syndicate 1886, is a citizen of the United Kingdom. Accordingly, this Court will continue to exercise diversity jurisdiction over this case.

**CONCLUSION**

For the foregoing reasons;

**IT IS ORDERED** that Plaintiffs' Motion to Remand is **DENIED**.

**New Orleans, Louisiana, this 28th day of March, 2024.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**